MICHAEL A. CARDOZO
Corporation Counsel

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL CHESTNOV
Assistant Corporation Counsel
(212) 788-0991
(212) 788-9776 (fax)
mchesno@law.nyc.gov

RECEIVED JAN 29 2008 CHAMBERS OF ANDREW J. PECK

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 1/29/08

**MEMO ENDORSED**

January 28, 2008

**BY FAX**
Honorable Andrew J. Peck
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Trent Patterson v. Commissioner of Corrections, et al., 07 Civ. 8057 (LAP)(AJP)
     Trent Patterson v. Commissioner of Corrections, et al., 07 Civ. 7259 (RMB)(JCF)

Your Honor:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants Martin Horn and Brian Riordan in the above-referenced case numbered 07 Civ. 8057. I write in response to the Court's January 22, 2008 Order in which the Court requested defendants' position regarding consolidation of this case with plaintiff's other case bearing case number 07 Civ. 7259. I have conferred with the Assistant Corporation Counsel assigned to 07 Civ. 7259, Katherine Smith, and we oppose consolidation of these cases for any purposes.

Defendants believe that consolidation is not appropriate in these cases as there are few similarities between these cases other than the fact that they are both brought by the same plaintiff. Fed R. Civ. P. 42(a) "empowers a trial judge with the discretion to consolidate actions when there are common questions of law or fact to avoid unnecessary costs or delay." Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). In exercising this discretion, a court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources imposed by multiple lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative

> expense to all concerned of the single trial, multiple trial alternatives.

Id. at 1285 (citing cases).

Plaintiff's above-referenced actions involve two entirely different sets of defendants and arise from distinct factual allegations related to incidents separated by approximately one year's time. In each case, plaintiff alleges that he was assaulted, however, he does not claim that the same inmates were involved in each assault nor does he implicate the same correction officers in each claim for failure to protect. While plaintiff claims that prior to the assault that is the subject of plaintiff's 07 Civ. 8057 complaint, he warned correction officers that some of his enemies from the assault that is the subject of the 07 Civ. 7259 complaint were in his building, there is no allegation that the same individuals were involved in both assaults. In fact, on information and belief, the alleged altercations appear to have involved entirely different inmate combatants.

Consolidation of discovery in these cases will serve no practical purpose because each case will require plaintiff and defendants to depose a separate set of witnesses about a separate set of facts. With the exception of plaintiff, it does not appear that there are any common witnesses between these two actions. Moreover, each case will require production by both sides of a wholly separate set of documents pertaining to each of the separate incidents in the complaints and alleged injuries plaintiff suffered as a result thereof. Therefore, consolidation would not lessen the burden of discovery on the parties nor promote judicial efficiency because any issues raised during the course of discovery will likely be unique to the facts in each case. Accordingly, there is little risk of inconsistent decisions on discovery issues that may arise during the course of this litigation.

Furthermore, assuming, *arguendo*, that plaintiff has sufficiently stated a claim on which he may proceed in this case, consolidation may work to prejudice defendants going forward. Consolidation could act as an artificial link between two factually discrete cases which might unnecessarily convolute the issues presented in both cases and raise extraneous litigation between the parties requiring Court intervention. For all of the foregoing reasons, defendants respectfully oppose consolidation of plaintiff's cases.

Although defendants oppose consolidation for any purposes, defendants are amenable to exploring the possibility of reaching a settlement agreement with plaintiff that would resolve both of his pending cases. To that end, defendants are amenable to converting the February 19, 2008 status conference into a settlement conference.

Finally, defendants note that they never received a copy of plaintiff's letter to the Court requesting that these cases be consolidated, and only learned of it when the Court issued its January 22, 2008 Order, in which a copy of the letter was attached. Defendants respectfully request that plaintiff be directed that he must send defendants a courtesy copy of any correspondence sent to the Court, in accordance with Your Honor's individual practices.

I thank the Court for its time and consideration of this matter.

Respectfully submitted,

Michael Chestnov
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Honorable Loretta A. Preska, United States District Judge (by Fax)

Honorable Richard M. Berman, United States District Judge (by Hand)

Honorable James C. Francis, United States Magistrate Judge (by Fax)

Trent Patterson, *pro se* (by First Class Mail)
97-A-7563
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-0500

**MEMO ENDORSED** 1/29/08

1. Based on Ms. Lilley, the Court declines to compensate the Hudson on Ms. [illegible], without prejudice to [illegible] upon its [illegible] in the future.

2. [illegible handwritten notes]

3. [illegible handwritten notes]

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

BY FAX

3

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:       (212) 805-7933
Telephone No.: (212) 805-0036

Dated:  January 29, 2008                                Total Number of Pages:  4

| TO | FAX NUMBER |
|---|---|
| Michael Chestnov, Esq.<br>Benjamin Stockman, Esq. | 212-788-9776 |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 1/29/08**

1.  Based on this letter, the Court declines to consolidate the two cases at this time, without prejudice to plaintiff renewing his request in the future.

2.  Plaintiff Patterson is reminded to send copies of any letters to the Court also to Mr. Chestnov.

3.  The Court will discuss settlement of the cases with the parties at the 2/19 conference.

Copies to:  Trent Patterson a/k/a Michael Howard (Mail)
            Judge James C. Francis
            Judge Richard M. Berman
            Judge Loretta A. Preska