UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TRENT PATTERSON,

          Plaintiff,

-against-

COMMISSIONER OF CORRECTIONS;
DEPUTY SUPERINTENDENT OF SECURITY
A.M.K.C.;
CAPTAIN OF SECURITY A.M.K.C. (C-95);
C.O. BENSON A.M.K.C. (C-95);
C.O. GAMBLE A.M.K.C. (C-95);
B. OFFICER C-95 WHO WORKED 24 UPPER QUAD;
WARDEN OF A.M.K.C. (RIORDAN);

          Defendants.

------------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

07 CV 8057 (LAP)(AJP)

   **WHEREAS,** plaintiff commenced this action by filing a complaint on or about September 14, 2007, alleging that certain of his federal and state rights were violated and further commenced the action entitled <u>Trent Patterson v. Commissioner of Corrections, et al.</u>, 07 Civ. 7259 (RMB)(JCF) by filing a complaint on or about August 15, 2007, similarly alleging that certain of his federal and state rights were violated; and

   **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

   **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

   **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action, Trent Patterson v. Commissioner of Corrections, et al., 07 Civ. 8057 (LAP)(AJP), is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff TRENT PATTERSON the sum of FIVE THOUSAND DOLLARS ($5,000) in full satisfaction of all claims brought by plaintiff in both this action, and in the action entitled Trent Patterson v. Commissioner of Corrections, et al., 07 Civ. 7259 (RMB)(JCF), including claims for costs, expenses, and attorney fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal with prejudice of all the claims against the defendants in this action, namely, Martin Horn (sued herein as "Commissioner of Corrections"), Brian Riordan (sued herein as "Warden of A.M.K.C. (Riordan)"), Deputy Superintendent of Security A.M.K.C., Captain of Security A.M.K.C. (C-95), Maxwell Benston (sued herein as "C.O. Benson A.M.K.C. (C-95)"), Cynthia Gamble (sued herein as "C.O. Gamble A.M.K.C. (C-95)"), "B Officer C-95 Who Worked the 2/4 Upper Quad", and to the dismissal with prejudice of all claims against the defendants in the action entitled Trent Patterson v. Commissioner of Corrections, et al., 07 Civ. 7259 (RMB)(JCF), namely, Martin Horn (sued therein as "Commissioner of Corrections"), Brian Riordan (sued therein as "Warden of A.M.K.C. (C-95) Riordan"), Deputy Superintendent of Security (C-95), Captain of Security C-95 (A.M.K.C.), Salvatore Canino (sued therein as "C.O. Canino C-95 (A.M.K.C.)"), Joseph Correa (sued therein as "C.O. Carrera C-95 (A.M.K.C.)"), and to release the above-named defendants and any present or former employees or agents of the City of New York, and the New York City Department of Correction, from any and all liability, claims, or rights of action under state or federal law arising from and contained in the complaint in the instant action, and the complaint in the action entitled Trent Patterson v. Commissioner of

Corrections, et al., 07 Civ. 7259 (RMB)(JCF), including claims for costs, expenses and attorney fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above, an Affidavit of No Liens.

4. In addition, plaintiff shall execute and deliver to defendants' attorney a Stipulation and Order of Settlement and Discontinuance and a general release and either a an affidavit of no liens or an affidavit concerning liens, whichever may apply, in the action entitled Trent Patterson v. Commissioner of Corrections, et al., 07 Civ. 7259 (RMB)(JCF).

5. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or the New York City Department of Correction.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         3/19      , 2008

Trent Patterson
Plaintiff, *pro se*
908 E. 181st Street, Apt. 3H
Bronx, NY 10460

By: _____Trent Patterson_____
Trent Patterson
Plaintiff, *pro se*

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 3-155
New York, New York 10007
(212) 788-1177

By: _____Benjamin Stockman_____
Benjamin Stockman
Assistant Corporation Counsel

SO ORDERED:   The Clerk of the Court Shall
              mark this action closed and all
              pending motions denied as moot.

              SO ORDERED:
_____Loretta A. Preska_____          march 22, 2008
LORETTA A. PRESKA
LORETTA A. PRESKA, U.S.D.J.

-4-